## MORRILL V. DANIEL.

REPLEVIN: *Surety's liability on retaining bond.*

A surety on a defendant's retaining bond in replevin is liable for the damages and costs of the suit, as well as for the return of the property.

APPEAL from *Conway* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

The Appellant *pro se.*

The bond was given under *Section 5042 Gantt's Digest*, and its object was to secure the safe-keeping and return of the property. *Drake Att., 5 ed., secs. 330–331.* The measure of damage on a delivery bond is the value of the property secured by it. The property having been returned the liability of the security ceases. *Ib., secs. 340–1–2.*

*C. Armstrong* and *W. I. Moore* for Appellee.

The bond is that defendant will perform the judgment of the court. *Mansf. Dig., sec. 5581.* The addition "and return said property, etc.," is surplusage which does not constitute a new condition nor restrict the legal effect of the bond. *Drake Att., 6 ed., sec. 329.* Plaintiff had judgment for costs, and the surety is liable. *Mansf. Dig., sec. 1042.*

COCKRILL, C. J. Daniel sued Bedinger in replevin before a justice of the peace for a mare. To retain possession of the mare Bedinger executed the usual retaining bond, with Morrill as his surety, conditioned to "perform the judgment of the court in this action, and return the property if a return is adjudged." In the justice's court there was judgment for Bedinger, but on appeal to the circuit court the judgment was for

Daniel for the mare or her value and all costs. Thereupon the mare was delivered up by Bedinger, and execution was issued against him for the costs and returned *nulla bona.* This suit was then instituted before a justice of the peace, on the bond, against Bedinger, and Morrill, his surety, for the costs. Bedinger was not served with process. Morrill defended, but on appeal to the circuit court judgment was rendered against him, and he appealed to this court.

The condition of the bond required of the defendant in replevin, to obtain the release of property taken by the sheriff, is "that the defendant shall perform the judgment of the court in the action." This is the language of the statute. *Mansf. Dig., sec. 5581.* The judgment of the court, when in favor of the plaintiff, is for the return of the property or its value, with damages for the detention, (*Ib., sec. 5181,*) and as the plaintiff recovering judgment in every case has a judgment for costs against the defendant, (*Ib., sec. 1042,*) it follows that the surety upon such a bond is not exonerated by the delivery of the property merely, but is liable for the damages and costs as well.

Affirm.